In re JENNIFER PITTS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. KAREN PITTS et al., Respondents-Appellants.)

Third District   No. 75-166

Opinion filed December 13, 1976.

Stephen A. Elman, Assistant Public Defender, of Peoria, for appellants.

Betty L. Beer, guardian ad litem.

William J. Scott, Attorney General, of Chicago (John D. Whitenack, Assistant Attorney General, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308), which provides for interlocutory appeals. The Circuit Court of Peoria County overruled respondents' objection to the admissibility of the testimony of certain witnesses in a hearing on the neglect petition of the Department of Children and Family Services filed on behalf of Jennifer Pitts and the respondents appealed. The respondents are the parents of Jennifer Pitts, Karen Pitts and Martin Pitts. This appeal involves the applicability of section 20 of the Illinois Social Workers Registration Act (Ill. Rev. Stat. 1975, ch. 23, par. 5320), which is a prohibition against disclosure of information social workers may have acquired from persons consulting them in their professional capacity. On November 25, 1974, a petition was filed alleging that Jennifer Pitts was a neglected minor, as defined in the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—4). After summons were served upon each of the

parents, orders of protection were entered against both parents providing that each of them cooperate with the Department of Children and Family Services.

On January 16, 1975, the court entered an emergency order for temporary custody and guardianship placing the minor, Jennifer Pitts, in the temporary custody of the Department of Children and Family Services. On April 9, 1975, a supplemental petition alleging that Jennifer was neglected was filed. Hearings on the supplemental petition were heard on April 29, May 2, and May 9, 1975. Evidence presented by the State was objected to by respondents as inadmissible, under section 20 of the Social Workers Registration Act. On May 9, 1975, the trial court orally gave its rulings and the reasons therefore, later incorporated into a written order filed on May 20, 1975. Application for leave to appeal was filed in this court by the respondents and granted on July 21, 1975.

Section 20 of the Social Workers Registration Act (Ill. Rev. Stat. 1975, ch. 23, par. 5320) reads as follows:

"No social worker may disclose any information he may have acquired from persons consulting him in his professional capacity which was necessary to enable him to render services in his professional capacity to those persons except: (1) to his employer, (2) in a criminal trial when the disclosure relates directly to the fact or immediate circumstances of the crime, (3) in actions, civil or criminal, against the social worker for malpractice, or (4) with the written consent of the client, or in the case of his death or disability, of his personal representative or other person authorized to sue or of the beneficiary of an insurance policy on his life, health, or physical condition."

At the hearings on the supplemental petition, the State presented witnesses Mary Bullock and Linda Darr. On direct examination on April 29, 1975, Mrs. Bullock testified that at the time of the occurrence in question, she was a member of the child abuse team for the Illinois Department of Children and Family Services. The child abuse team received a referral from the Peoria Police Department on August 31, 1974, involving the investigation of the death of an infant at a hospital the evening before. By law she was required to make contact within 24 hours with the parents of the suspected abused child. The respondents are the parents of the deceased infant referred to. She called on Mr. and Mrs. Pitts at about noon on August 31, 1974. She started an active case load on the Pitts family and was involved with the case until the court proceedings were completed. She went to the Pitts home about once a week. Her testimony on April 29, 1975, detailed her conversations with Mr. and Mrs. Pitts. Respondents objected to this testimony at the beginning of the hearing on May 2, 1975, as coming within the purview of

the Social Workers Registration Act, and a motion to strike the testimony was made to the court. The motion was taken under advisement.

At the hearing on May 9, 1975, Mrs. Bullock again testified she was employed as a child welfare worker assigned to the child abuse team. She did not have a degree in social work, and was not certified by the State as a social worker. Her job was to investigate cases of suspected child abuse. In her job she did perform some counseling services involving the problems parents had with their children.

On May 2, 1975, Linda Darr testified that she was a social worker for the Department of Children and Family Services. She became involved with the Pitts family on December 12, 1974, when she was taken there by Mrs. Bullock. Her purpose in going there was to provide counsel for the family, which she did, and afterward she saw the family on a regular basis. The respondents objected to any questions that would require Miss Darr to disclose any information she had received from the respondents during the course of her providing counseling services to the respondents. The trial court denied respondents' motion to strike the testimony of witnesses Bullock and Darr.

The court in supporting its order stated that sections 2047 and 5005 of chapter 23 mandate the Department of Children and Family Services to investigate cases of child abuse and neglect, to provide services and to file a petition to remove the child from custody of parents when necessary. It stated that to deny the workers the right to testify as to conditions discovered would create an anomolous situation. The court held that the legislative intent must be to limit the privilege to cases where the clients consult the social worker.

Although related issues are raised, the dispositive issue on this appeal is whether the prohibition against disclosure contained in section 20 of the Social Workers Registration Act applied to social workers assigned to the Department of Children and Family Services in the investigations of possible cases of child abuse. Respondents argue that both Mary Bullock and Linda Darr were social workers within the meaning of the Act, and therefore, were both prohibited from disclosing information acquired from the parents. We need not deal on this appeal with the question whether Mary Bullock was a social worker within the meaning of the Act. We may assume arguendo that both were social workers. The issue here is one of legislative intent. In order to determine whether the legislature meant to include workers from the Department of Children and Family Services, such as Linda Darr and Mary Bullock, we necessarily must look at the other provisions of chapter 23.

The statute read as a whole, particularly section 2047 and section 5005, constitute a legislative mandate to the Department to investigate cases of child abuse, and to prevent further abuses to the child. Section 20 is not

designed to apply to workers, such as Linda Darr and Mary Bullock, when they are investigating possible cases of child abuse and attempting to protect the child from any such abuses. To hold otherwise would create a meaningless duty, which it cannot be presumed the legislature intended. No reasonable construction of section 20 allows us to construe it so broadly so as to prohibit the social workers involved in this case from testifying as to information acquired from respondents.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed and the cause is remanded for further proceedings consistent with the views expressed herein.

Judgment affirmed and cause remanded.

STENGEL and BARRY, JJ., concur.